STEVEN Y. HAN (SBN 205010)
THE HAN LAW GROUP,
A Professional Corporation
515 S. Flower Street, 36th Floor
Los Angeles, CA 90071
Telephone:   (213) 986-2350
Facsimile:   (213) 784-2380

Attorneys for Plaintiff
Dale Tiffany, Inc., a California corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE TIFFANY, INC., a California corporation,<br><br>            Plaintiffs,<br>v.<br><br>DYNAMIC WAY, a business entity form unknown; and DOES 1 through 50, inclusive<br><br>            Defendants | CASE NO.: 2:17-cv-00529-RGK-JEM<br><br>**STIPULATED PROTECTIVE ORDER** |

Subject to the approval of this Court, the parties, Plaintiff DALE TIFFANY, INC. ("Plaintiff") and Defendant Dynamic Way Holdings, LLC (erroneously sued herein as Dynamic Way) (individually, a "Party", and collectively, the "Parties"), by and through their counsels of record, hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, the Parties may designate certain documents "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").

2. By designating any document as "CONFIDENTIAL," under the terms of this order, the designating party is certifying to the court that there is a good faith basis both in law

**STIPULATED PROTECTIVE ORDER**                              1

and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). Confidential Documents shall be so designated by marking or naming the compact disc, flash drive or uploaded document containing the confidential document production with the word "CONFIDENTIAL." Marking the word "CONFIDENTIAL" on said electronically delivered document(s) shall designate all pages of the documents included in said digital files as CONFIDENTIAL, unless otherwise indicated by the producing party.

3. Files that have been designated CONFIDENTIAL by any party, as well as the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part therefrom (hereinafter"Confidential Material"), including but not limited to written discovery responses referring to or identifying Confidential Material shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

4. The Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the"qualified persons" designated below:
(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action; (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action; (c) court reporter(s) employed in this action; (d) a witness at any deposition or other proceeding in this action; and(e) any other person as to whom the parties in writing agree. Prior to receiving the Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

5. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, provided the same was obtained in a lawful manner either by the party or the person delivering the document to the

STIPULATED PROTECTIVE ORDER 2

party, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

6. If the Confidential Material is included in any papers to be filed in Court, such papers shall be labeled "Confidential-- Subject to Court Order" and filed under seal until further order of this Court.

7. In the event that the Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

8. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

9. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

/////
//////
/////
/////
/////
////

10. This Order shall survive the final termination of this action, to the extent that the information contained in the Confidential Material is not or does not become known to the public. The Court shall retain jurisdiction to resolve any dispute concerning the use of disclosed CONFIDENTIAL information.. Upon termination of this case, and all rights to appeal, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as CONFIDENTIAL and all copies of same, or shall certify the destruction thereof.

Dated: January 11, 2018

THE HAN LAW GROUP,
A Professional Corporation

By: /s/ Steven Han
STEVEN Y. HAN
Attorneys for Plaintiff Dale Tiffany, Inc.

Dated: January 11, 2018

APPELL SHAPIRO, LLP

By: /s/ Scott Shapiro
SCOTT SHAPIRO
Attorneys for Defendant Dynamic Way Holdings, LLC

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Steven Y. Han
Steven Y. Han

**ORDER**

Dated: 1/17/18

/s/ John E. McDermott
JUDGE OF THE UNITED STATES
DISTRICT COURT

**JOHN E. McDERMOTT
UNITED STATES MAGISTRATE JUDGE**

# ATTACHMENT A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in the proceeding, <u>Dale Tiffany, Inc. v. Dynamic Way, et al</u>, United States District Court for the Central District of California, Case No.: 2:17-cv-00529-RGK-JEM, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____    _____